## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES** | ) |
| **INTERNATIONAL PENSION FUND, by and through** | ) |
| **its Board of Trustees as administered by the Central** | ) |
| **Collection Unit of the International Union of** | ) |
| **Bricklayers and Allied Craftworkers** | ) |
| **620 F Street, N.W.** | ) |
| **Washington, D.C. 20004,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **82 CONTRACTING INC.** | ) |
| **13 Maybeck Drive** | ) |
| **East Setauket, New York 11733,** | ) |
| | ) |
| **Serve: Statutory Agent** | ) |
| **Jeffrey Kirchner** | ) |
| **13 Maybeck Drive** | ) |
| **East Setauket, New York 11733** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER
### AMOUNTS DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

## PARTIES

1.      Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International

Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The

International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of

ERISA, 29 U.S.C. § 1002(37).   The International Pension Fund was established and is maintained

in accordance with its Restated Agreement and Declaration of Trust.   The International Pension

Fund is administered at 620 F Street, N.W., in Washington D.C.  The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2.      Defendant 82 Contracting Inc. is a New York corporation and has an office located at 13 Maybeck Drive, in East Setauket, New York, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3.      This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for other appropriate equitable relief.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendant 82 Contracting Inc. has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers

Local Union No. 1 New York ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of employees performing work for the Defendant.

7.      Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiff for all hours of work it performed covered by the Collective Bargaining Agreements.

8.      During the months of August 2017 through the present, the Defendant performed work covered by the Collective Bargaining Agreements.

9.      During the months of July 2019 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10.      Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

11.      Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

12.     Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

## COUNT I

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

13.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     During the months of July 2019 through the present, the Defendant has failed to report and pay all contributions owing to the Plaintiff for covered work it performed within Local 1 NY, cover group 1, which is covered by the Collective Bargaining Agreements.

15.     Because the Defendant has failed to comply with its duty to submit monthly hour remittance reports, the Plaintiff has been required to estimate the amount of contributions due by the Defendant for covered work performed to date.

16.     The most recent 12 months for which the Defendant reported hours to the Plaintiff for covered work performed in Local 1 NY, cover group 1, was July 2018 through June 2019.

17.     During these 12 months, the Defendant reported a total of 6,823 hours, or an average 568.58 hours per month for covered work performed in Local 1 NY, cover group 1.

18.     The applicable contribution rate payable to the Plaintiff for work performed in Local 1 NY, cover group 1, during the period of July 2019 through November 2019 is $2.41 per hour.

19.     The Defendant therefore owes estimated monthly contributions of $1,370.28 per month during each month from July 2019 through the present. The Defendant therefore owes the

Plaintiff $6,851.40 ($1,370.28 x 5 months) in estimated contributions for covered work performed during July 2019 through November 2019 within Local 1 NY, cover group 1.

20.     Under the Collection Procedures and ERISA, the Defendant also owes interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed.

21.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

22.     The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

23.     The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (AMOUNTS OWED FOR LATE CONTRIBUTION PAYMENTS)

24.     The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth in this Count II.

25.     The Defendant paid the contributions owed for work performed in Local 1 NY, cover group 1, under the Collective Bargaining Agreements during the periods of August 2017 through October 2017, September 2018 through February 2019, and April 2019 through June 2019 after the due date.

26.     Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the International Pension Fund is entitled to assess employers that submit required monthly fringe benefit contributions by the due date for such payments with interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the late paid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total late paid contributions.

27.     The Defendant failed to submit its contributions for work performed in Local 1 NY, cover group 1, during the periods of August 2017 through October 2017, September 2018 through February 2019, and April 2019 through June 2019 by the due date for such payments.  The Defendant therefore owes, and has failed to pay to the Plaintiff, the interest plus the greater of additional interest or liquidated damages owed as a result of these late payments.

28.     The Plaintiff is entitled to judgment against the Defendant for liquidated damages on the late paid contributions in the amount of $3,830.55 (calculated at the rate of 20% of the late paid

contributions), plus interest to be calculated at the rate of 15% per annum from the due date of each payment.

**WHEREFORE,** Plaintiff prays judgment on Counts I and II as follows:

A.      For estimated unpaid contributions in the amount of $6,851.40 due and owing to the Plaintiff for work performed during the months of July 2019 through November 2019 in Local 1 NY, cover group 1, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

B.      For $3,830.55 in liquidated damages (calculated at the rate of 20% of the delinquent contributions) for late paid contributions owed for work performed in Local 1 NY, cover group 1, and Local 1 NY, cover group 1, under the Agreements for the periods August 2017 through October 2017, September 2018 through February 2019, and April 2019 through June 2019, plus interest to be calculated at the rate of 15% per annum from the due date of each payment, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

C.      Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreement, Plaintiff's Restated Agreements and Declarations of Trust, the General

Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

      D.      For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

      E.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: December 30, 2019

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By:    /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 30th day of December 2019, on the following:


The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC  20210

Attention:  Assistant Solicitor for Plan Benefits Security


/s/ Charles W. Gilligan
Charles W. Gilligan